Roland WIEMERSLAGE, V. James Grieco, James Onion, William L. Sundermeyer, and all other similarly situated individuals, Plaintiffs,

v.

UNITED STATES of America, James Baker, Secretary of the Treasury, and Roscoe L. Egger, Jr., Commissioner, Internal Revenue Service, Defendants.

No. 85 C 6573.

United States District Court,
N.D. Illinois, E.D.

May 1, 1986.

Lois G. Williams, Richard S. Edelman, National Treasury Employees Union, Washington, D.C., Harvey Silets, Silets & Martin Ltd., Chicago, Ill., for plaintiffs.

Michael J. Salem, Trial Atty.—Tax Div., U.S. Dept. of Justice, Washington, D.C., Anton R. Valukas, U.S. Atty., by Eileen M. Marutzky, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is defendants' motion to dismiss Counts II, III, V and VI. Plaintiffs bring this action in response to the IRS' alleged violation of the antidisclosure provision of the United States Tax Code. For the reasons stated herein, this Court grants defendants' motion to dismiss Counts II, III, V and VI to the extent they seek injunctive and declaratory relief.

## FACTS

Plaintiffs are taxpayers who are required to file estimated tax payments with the IRS. Recently, the IRS began an experimental program whereby certain Illinois taxpayers are required to forward their

estimated tax payments to a particular post office box in Chicago.

Non-IRS employees collect and process these payments. The IRS believes this experimental program will result in substantial additional revenues accruing to the United States Government.

Plaintiffs believe the IRS violates the antidisclosure provision of the tax Code by processing these payments with non-IRS personnel. Plaintiffs seek injunctive, declaratory, and monetary relief.

### DISCUSSION

#### A. *Injunctive Relief*

Defendants argue that the tax Code's anti-injunction provision divests this Court of subject matter jurisdiction. 26 U.S.C. § 7421(a). Defendants contend that plaintiffs are barred from seeking injunctive relief of any matter relating to federal tax collection. Defendants believe plaintiffs' ultimate goal is to restrain the collection of taxes.

Plaintiffs maintain the tax Code's anti-injunction provision does not apply in the instant case. Plaintiffs suggest that they do not challenge the IRS' method of collecting taxes by requiring certain taxpayers to file estimated returns with estimated payments. Instead, plaintiffs believe they are challenging only the method by which those estimated returns and payments are processed after collection.

The appropriate starting point for an interpretation of the tax code is the language of the Code's anti-injunction section. The anti-injunction provision provides in pertinent part that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). This statute embodies Congress' long-standing policy against interference with the orderly administrative process by which taxes are assessed and collected.

This Court rejects plaintiffs' contention that this suit does not seek to restrain the collection of taxes. This Court rejects plaintiffs' narrow interpretation of the phrase "collection of any tax." This Court believes a liberal interpretation of the phrase is necessary to provide the IRS the proper freedom to collect this country's tax revenues. *Bob Jones University v. Simon,* 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974).

■ The anti-injunction provision prohibits all suits seeking to restrain the collection of any tax. This prohibition reaches not only those actions seeking to restrain the collection acts themselves, but also extends to all suits seeking to restrain any and all acts necessary or incident to the collection of taxes.

■ In the instant case, plaintiffs urge this Court to enjoin the IRS from delegating the duty of processing estimated tax collections to non-IRS personnel. This injunction, if granted, would block the IRS from proceeding with its chosen method of tax collection. The IRS has chosen this experimental method in an attempt to increase government revenues by expediting the collection of taxes. This Court will not support plaintiffs' attempt to restrain the IRS from collecting any taxes. This Court holds that an injunction order would contravene the clear congressional mandate prohibiting injunctions.

The judicial restraint imposed by § 7421(a) is not absolute. Extraordinary or exceptional circumstances may exist which are of sufficient importance to warrant court interference. Therefore, a taxpayer may maintain a suit to enjoin the collection of taxes. Such a taxpayer has the burden of proving: (1) that the government could not ultimately prevail under any circumstances; and (2) that equity jurisdiction otherwise exists. *Enochs v. Williams Packing Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

In the instant case, plaintiffs have failed to sustain their burden of proving that equity jurisdiction exists. This Court does not believe that plaintiffs would suffer irreparable harm if equitable relief is not granted. It is clear that plaintiffs have an adequate remedy at law. Pursuant to

§ 6103 of the tax Code, 26 U.S.C. § 6103, plaintiffs may recover money damages if they can prove the IRS violated the antidisclosure provision of the Code. Therefore, no extraordinary circumstances exist which are of sufficient importance to warrant court interference. Hence, this Court lacks the authority to render injunctive relief.

### B. *Declaratory Relief*

 Plaintiffs seek declaratory relief in addition to injunctive relief. Plaintiffs seek a declaratory judgment that the processing of taxpayers' estimated tax remittances by non-IRS personnel violates the antidisclosure provision of the tax Code.

Defendants argue that declaratory relief is not available in suits involving federal taxes. In support, defendants refer this Court to the Declaratory Judgment Act. 28 U.S.C. § 2201(a).

Section 2201(a) creates a remedy for a plaintiff. Section 2201(a) states: "[i]n a case of actual controversy within its jurisdiction, except with respect to federal taxes ..., any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." Congress has intended and the courts have interpreted this otherwise expansive remedy to be inapplicable to actions pertaining to federal taxes.

The only issue remaining to be addressed is whether the instant suit involves the Federal Tax Code. Some courts have noted that the federal tax exception to the Declaratory Judgment Act may be more sweeping than the "collection of taxes" provision of the Anti-Injunction Act. *See Bob Jones University v. Simon,* 416 U.S. 725, 733, 94 S.Ct. 2038, 2044, 40 L.Ed.2d 496 (1974). Other courts have held that the federal tax exception to the Declaratory Judgment Act and the collection of taxes provision of the Anti-Injunction Act have coterminous application. There is no dispute, however, that the federal tax exception to the Declaratory Judgment Act is at least as broad as the collection of taxes provision of the Anti-Injunctive Act. Therefore, if a cause of action involves the "collection of taxes" it must certainly involve federal taxes.

In the instant case, plaintiffs seek a declaratory judgment that the processing of estimated tax remittances by non-IRS personnel violates the antidisclosure provision of the tax code. Because this Court holds that plaintiffs are not entitled to injunctive relief because they seek to enjoin the collection of taxes, this Court must similarly hold that plaintiffs' suit involves federal taxes. Consequently, § 2201(a)'s bar against declaratory judgment suits pertaining to federal taxes applies to plaintiffs' claims. Therefore, declaratory relief is not a remedy available to plaintiffs.

### CONCLUSION

This Court lacks the authority to satisfy plaintiffs' request for injunctive and declaratory relief. Accordingly, this Court grants defendants' motion to dismiss Counts II, III, V and VI to the extent they seek injunctive and declaratory relief.

IT IS SO ORDERED.